UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD STILLMAN, | § § | |
| PLAINTIFF | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-91 |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § § § | |
| DEFENDANT | § § | JURY DEMANDED |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Richard Stillman, by and through his undersigned attorney of record, and sues Defendant Schlumberger Technology Corporation ("Defendant") and in support thereof would show unto this Honorable Court as follows:

**I.     PRELIMINARY STATEMENT**

1.1     Plaintiff worked for Defendant from October 25, 2012 through October 20, 2015 as a pressure control operator.

1.2     Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     During the three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay its employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

1.4    Plaintiff demands a jury trial.

## II.    JURISDICTION AND VENUE

2.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2    The Court has personal jurisdiction over Defendant Schlumberger Technology Corporation because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3    Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.    PARTIES

**A.    Plaintiff**

3.1    Plaintiff Richard Stillman is an individual residing in Brazoria County, Texas.

**B.    Defendant**

3.2    Defendant Schlumberger Technology Corporation is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Texas.  Defendant can be served with process by serving its registered agent for service of process, National Registered Agents, Inc. at 1999 Bryant Street, Suite 900, Dallas Texas 75201.

## IV.    FLSA COVERAGE

4.1    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendant employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendant employed two or more persons in interstate commerce.

4.6     At all relevant times, each Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendant.

4.8     At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant is the world's leading supplier of technology, integrated project management and information solutions to oil and gas companies worldwide.

5.2     Defendant employed Plaintiff during the three-year period preceding the filing of this Complaint.  Specifically, Plaintiff was employed from October 25, 2012 through October 20, 2015.

5.3     Plaintiff was employed as a pressure control operator.

5.4     Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.5     Defendant maintained and exercised the power to hire, fire, and discipline Plaintiff during his employment with Defendants.

5.6     Plaintiff was required to comply with Defendant's policies and procedures in performing Plaintiff's work during Plaintiff's employment with Defendant.

5.7     Plaintiff was an hourly, non-exempt employee under the FLSA.

5.8     Defendant paid Plaintiff a combination of an hourly rate and a bonus for all hours worked.

5.9     Plaintiff normally worked in excess of forty hours per week.

5.10    Although Plaintiff worked more than forty hours per week, Plaintiff has not been compensated for overtime hours at one and one-half times Plaintiff's regular rate of pay.

## VI.    CAUSE OF ACTION:  VIOLATION OF THE FLSA
### Failure to Pay Overtime Wages

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     Plaintiff is entitled to overtime pay for all hours worked over forty per work week.

6.3     Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff overtime compensation at a rate of one and one-half times the appropriate regular rate.

6.4     In further violation of the FLSA, Defendant failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.5     No excuse, legal justification or exemption excuses Defendant's failure to pay Plaintiff overtime compensation for hours worked over forty in a workweek.

6.6     Defendant failed to make a good faith effort to comply with the FLSA.  Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.  Plaintiff is entitled to liquidated damages for such conduct, and is also entitled to a three-year statute of limitations as a result of such conduct.

6.7     Plaintiff seeks all unpaid overtime compensation and an additional equal amount as

liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Richard Stillman respectfully prays that Defendant Schlumberger Technology Corporation be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendant:

a. Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

b. Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF